UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ABDUL ISLAM, a/k/a )
KEITH L. KELLY, )
　) 
Plaintiff, )
　)
v. ) No. 4:21-CV-551-PLC
　)
RICHARD PHEGLEY, et al., )
　)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Abdul Islam's (a/k/a Keith L. Kelly) application to proceed in the district court without prepaying fees or costs. At the time of filing his complaint, plaintiff was incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion.[1] Additionally, for the reasons discussed below, the Court will dismiss without prejudice plaintiff's complaint.

### Legal Standard on Initial Review

Prior to service on defendants, this Court is required to review a complaint filed without payment of the filing fee and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a

---

[1] Because plaintiff is no longer incarcerated, the Court will waive plaintiff's initial partial filing fee. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 against defendants Richard B. Phegley (Correctional Officer ("CO"), ERDCC), Brian Boyer (Functional Unit Manager ("FUM"), ERDCC), Daniel Jackson (Investigator, ERDCC), Tim Freeman, Matt Ramon, Jason Pulliam, Jason Turner, Brett Renk, Amy Pratt, Nathan Sumpter, and the Missouri Department of Corrections ("MDOC"). He specifies that he sues Richard Phegley and Daniel Jackson in their official capacities only. He does not specify in what capacity he sues the other defendants.

Plaintiff states that on October 23, 2020, at ERDCC's minimum security unit, CO Phegley issued him a conduct violation for possession of a controlled substance. Because of his conduct violation, plaintiff was removed from the housing unit and placed in administrative segregation for forty days. He alleges he was placed in administrative segregation "without completion of my due process rights in accordance with MDOC policy and procedures."

Attached to his complaint, plaintiff files his conduct violation report, corrective action report, MDOC's classification hearing forms, MDOC's board of probation and parole forms, his drug chemistry certified report, an information resolution request ("IRR"), and an "affidavit of facts."[2] According to these documents, on October 23, 2020, defendant Phegley reported observing plaintiff attempting to roll a prison-made cigarette. Upon further inspection, Phegley noticed that the contents of the cigarette "did not look like tobacco." He sent the contraband to Investigator Jackson, who field tested the substance.

---

[2] Pursuant to Federal Rule of Civil Procedure 10(c), the Court will construe all exhibits to the complaint as part of the complaint for all purposes.

Upon the field test, defendant Jackson determined the substance tested positive for marijuana and components of synthetic marijuana. CO Phegley submitted the substance to the MDOC lab for further drug chemistry testing. *See* ECF 1-4.

Plaintiff's corrective action report indicates that he understood his rights to a conduct violation and that he did not plead guilty or waive his right to a hearing. The findings of the corrective action report state that Investigator Jackson found the unknown substance tested positive for marijuana and synthetic marijuana during the field test. After a hearing, the hearing officers recommended that plaintiff have a thirty-day living area restriction from October 29 to November 27, 2020, that he be referred to administrative segregation, and that the contraband be confiscated and disposed of per policy. *See* ECF Nos. 1-5, 1-6 at 1. The corrective action report was signed by plaintiff, and he indicated that he had "been informed of the evidence relied on and the findings and recommendations." *Id.* Plaintiff's report also states that he had received three conduct violations in the past six months and six conduct violations in the past year.

On November 24, 2020, plaintiff again had a classification hearing. The hearing officers recommended that he continue in administrative segregation, awaiting the outcome of the investigation, that is, the results of the drug chemistry report. *See* ECF No. 1-6 at 2. On December 4, 2020, plaintiff had his final classification hearing. At this time, the investigation had been completed. The hearing officers recommended that plaintiff be released from administrative segregation into the general population. The drug chemistry report stated that "no controlled substance was detected on the [cigarette rolling] paper." ECF No. 1-8 at 2. The Missouri State Highway Patrol, Crime Laboratory Division, conducted the test from January 11 to 18, 2021 on the test sample it received from ERDCC on November 3, 2020. *Id.*

On April 19, 2021, after plaintiff received the results of the drug chemistry test, he filed an IRR asking that his conduct violation be overturned and that the information be forwarded to his parole board. Plaintiff's conduct violation for a 11.1 (controlled substance) was modified to a conduct violation for a 24.1 (contraband). *See* ECF No. 1-9. Plaintiff was released from custody on or about June 25, 2021.

Plaintiff states he suffered psychological harm and the loss of liberty during his forty days in segregation and the additional 120 days he served past his original date of release as calculated the Missouri Department of Probation and Parole. For relief, he seeks a court order to MDOC "to change its policy as it relates to control substance testing procedures." He also seeks damages for pain and suffering, mental anguish, and wrongful imprisonment, which he calculates at $50,000 for his forty days in administrative segregation and $50,000 in punitive damages.

## Discussion

### (1) Defendants Boyer, Freeman, Ramon, Pulliam, Turner, Renk, Pratt, Sumpter, and MDOC

Plaintiff lists in his case caption defendants Boyer, Freeman, Ramon, Pulliam, Turner, Renk, Pratt, Sumpter, and MDOC. When asked to specify each defendant in section I.B. of the complaint, however, plaintiff lists only defendants Phegley and Jackson. In section II, the Statement of Claim, plaintiff does not refer to any defendants other than defendants Phegley and Jackson. Based on the attachments to his complaint, it appears that plaintiff simply included as a defendant any name that appeared on his conduct violation report or classification hearing forms. Even after full review of plaintiff's attachments, however, the Court is unable to determine why plaintiff named as defendants Ramon, Pratt, Sumpter, and MDOC. These names appear nowhere in the record.

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Because plaintiff has alleged no facts in his complaint connecting defendants Boyer, Freeman, Ramon, Pulliam, Turner, Renk, Pratt, Sumpter, and MDOC to the challenged actions, the Court will dismiss these defendants without prejudice pursuant to 28 U.S.C. § 1915(e).

**(2)    Defendants Phegley and Jackson**

As an initial matter, plaintiff has sued defendants Phegley and Jackson in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence

of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Because plaintiff cannot state a claim against defendants Phegley and Jackson acting in their official capacities, the Court will dismiss the complaint without prejudice.

Even if the Court were to construe plaintiff's complaint liberally, and assume he would amend to state his claims against defendants Phegley and Jackson in their individual capacities, the complaint is still subject to dismissal. As to plaintiff's allegations against defendants Phegley and Jackson, he states that CO Phegley issued him a conduct violation in error and "removed [him] from the housing unit and placed [him] in administrative segregation without completion of [his] due process rights in accordance with MDOC policy and procedures." Defendant Jackson was the MDOC investigator who performed the field test on the alleged controlled substance in plaintiff's possession. Defendant Jackson's field test found the substance positive for marijuana and components of synthetic marijuana.

To determine what process is due, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). When an inmate is deprived of privileges or placed in special confinement status as punishment for past misconduct, due process requires a hearing beforehand. *Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992). Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Gonzalez-Perez v. Harper*, 241 F.3d 633, 637 (8th Cir. 2001). To that end, due process requirements include written notice of the charge; a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action; the right of the inmate to be present, call witnesses, and present documentary evidence; and, in limited

situations, a counsel substitute. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974). "Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." *Spence v. Farrier*, 807 F.2d 753, 756 (8th Cir. 1986). As such, due process is satisfied as long as "some evidence supports the decision by the prison disciplinary board." *Id*.

Based on plaintiff's MDOC classification hearing form, plaintiff was present for a classification hearing on October 29, 2020 at which time the three hearing officers told him the reason the hearing, took his statement, had a discussion, summarized their findings, and gave a recommendation. Unfortunately for plaintiff, the hearing officers found that plaintiff had received three conduct violations in the past six months and six conduct violations in the past twelve months. Nothing in the classification hearing report indicates that the officers relied on the positive field test performed by defendant Jackson. Rather, the report indicates that the officers' findings regarding the propensity of plaintiff to commit conduct violations led to their recommendation that plaintiff be assigned to administrative segregation. Even after the drug chemistry certified report cleared plaintiff of his more serious conduct violation—possession of a controlled substance—he was still found to have committed a conduct violation for possession of contraband. Thus, regardless of the later drug chemistry testing, plaintiff incurred a conduct violation from defendant Phegley on October 23, 2020 for possession of contraband (*i.e.*, a prison-made cigarette). The evidence in the record establishes that defendant was afforded all process that was due prior to his being recommended and assigned to administrative segregation. *See* ECF No. 1-6.

Additionally, it is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643

(8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has not stated a plausible nor viable claim against the defendants Phegley and Jackson under 42 U.S.C. § 1983. For this reason, plaintiff's complaint must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of October, 2021.

                                                                                                                       _____
                                                                                                                       STEPHEN N. LIMBAUGH, JR.
                                                                                                                       SENIOR UNITED STATES DISTRICT JUDGE